**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4421**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

REGINO SALAS-CRUZ,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:10-cr-00128-RJC-1)

———————

Submitted: February 20, 2013     Decided: February 28, 2013

———————

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Kenneth Darwin Snow, THE SNOW LEGAL GROUP, PLLC, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Regino Salas-Cruz pleaded guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute at least one kilogram of heroin, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) (2006). The district court sentenced Salas-Cruz to seventy months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning whether the district court sufficiently explained the imposed sentence. In Salas-Cruz's pro se supplemental brief, he argues that his trial counsel was ineffective in failing to adequately advise him regarding his guilty plea, and he attempts to clarify that his involvement in the conspiracy was minor. The Government declined to file a responsive brief. Following a careful review of the record, we affirm.

Because Salas-Cruz did not move in the district court to withdraw his guilty plea, we review the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To prevail under this standard, Salas-Cruz must establish that an error occurred, was plain, and affected his substantial rights. United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Our review of the record establishes that the district court substantially complied with Rule 11's

2

requirements, ensuring that Salas-Cruz's plea was knowing and voluntary.

We review Salas-Cruz's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated the advisory Guidelines range, we must decide whether the court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Once we have determined that the sentence is free of procedural error, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51; Lynn, 592 F.3d at 575. If the sentence is within the appropriate Guidelines range, we apply a presumption on appeal that the sentence is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant demonstrates "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda,

3

445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We conclude that the district court committed neither procedural nor substantive error in sentencing. The court verified that Salas-Cruz discussed the presentence report with his attorney, ensured that Salas-Cruz had no objections to the presentence report, and heard argument from counsel and allocution from Salas-Cruz. The court accurately calculated and considered as advisory Salas-Cruz's applicable Guidelines range. The district court also considered the § 3553(a) factors and explained that the within-Guidelines sentence was warranted in light of Salas-Cruz's lack of criminal history, the seriousness of the offense, and Salas-Cruz's involvement in the conspiracy. Further, neither counsel nor Salas-Cruz offers any grounds to rebut the presumption on appeal that the within-Guidelines sentence of seventy months' imprisonment is substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Salas-Cruz.

In his pro se brief, Salas-Cruz asserts that his trial counsel rendered ineffective assistance. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal, unless the record conclusively establishes counsel's "objectively unreasonable performance" and resulting prejudice. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). The

4

record does not conclusively establish that trial counsel rendered ineffective assistance to Salas-Cruz. Salas-Cruz must therefore bring his allegation of ineffective assistance of counsel in a 28 U.S.C.A. § 2255 (West Supp. 2012) motion, should he wish to pursue such a claim. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Salas-Cruz's conviction and sentence. This court requires that counsel inform Salas-Cruz, in writing, of the right to petition the Supreme Court of the United States for further review. If Salas-Cruz requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Salas-Cruz.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED